IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| MARIA D. DIAZ,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of the Social Security )<br>Administration,  )<br>    Defendant.  ) | Civil Action No.<br>DR-20-CV-059-VRG |

## ORDER

This matter is pending before the Court on Plaintiff's complaint for judicial review of the final decision of the Commissioner of the Social Security Administration brought pursuant to 42 U.S.C. § 405(g). Plaintiff obtained permission to proceed *in forma pauperis*, the Commissioner appeared and filed the record of the administrative proceedings, and the parties briefed their respective positions. For the following reasons, the Commissioner's decision denying benefits is **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on May 1 and May 7, 2018, respectively, alleging a disability onset date of February 15, 2016, caused by arthritis, hip pain, back and neck problems, high blood pressure, and diabetes. (Tr. 13, 229-37.) The applications were denied at the administrative level on initial consideration and on reconsideration. (Tr. 62-127.) At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on April 17, 2020. (Tr. 30, 153-55.) Plaintiff appeared via telephone with an attorney and testified in support of her application. (Tr. 32-52.) At the ALJ's request, a vocational expert testified at the hearing by telephone as well. (Tr. 33, 52-60.) On May 7, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of

the Social Security Act and not entitled to benefits. (Tr. 10-22.) The Appeals Council denied Plaintiff's request for review on August 31, 2020, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4.)

## II.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision denying benefits is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (quotation omitted). "The Social Security Act provides disability insurance benefits to people who have contributed to the program and have a physical or mental disability." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). "A claimant is not entitled to disability benefits unless she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Graves*, 837 F.3d at 592 (quoting 42 U.S.C. §§ 416(i), 423(d)(1)(A) (alterations omitted)). The Social Security Administration applies a five-step sequential evaluation process to decide whether an individual is disabled. *See id.*; *see also* 20 C.F.R. §§ 404.1520, 416.920; *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam).

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. Under the fourth step, the Commissioner must consider whether the impairment prevents the claimant from doing past relevant work. The claimant bears the burden of proof on the first four steps and the burden shifts to the Commissioner for the fifth step. For the fifth step, the Commissioner must show that the claimant is capable of engaging in some type of alternative work that exists

>in the national economy. Once the Commissioner makes this showing, the burden of proof shifts back to the claimant to rebut this finding.

*Lloyd v. Astrue*, 484 F. App'x 994, 998-99 (5th Cir. 2012) (per curiam) (citations and quotations omitted); *see also Graves*, 837 F.3d at 592 (summarizing five-step sequential evaluation). If at any step the claimant is determined to be disabled or not disabled, the determination is conclusive and the inquiry ends. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

### III. THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the ALJ followed the five-step sequential evaluation processes set forth in 20 C.F.R. § 404.1520 and § 416.920. (Tr. 14-21.) He first found that Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date of February 15, 2016. (Tr. 16.) At steps two and three, the ALJ concluded that Plaintiff suffers from lumbar and cervical spondylosis and radiculopathy, bilateral hip pain, foot pain, and diabetes mellitus with neuropathy, and that these impairments are severe, but do not meet the criteria for any listed impairment. (Tr. 17-18.) The ALJ next found at step four that Plaintiff has the residual functional capacity ("RFC") to perform light work, but cannot climb ropes, ladders or scaffolds, can only occasionally stoop, crouch, crawl, and kneel, and can frequently handle, finger, reach and feel, and needs a cane to walk, but not stand. (Tr. 18-20.) Based on this RFC determination and the testimony of a vocational expert, the ALJ determined that Plaintiff is capable of performing her past relevant work as storage facility rental clerk and information clerk. (Tr. 21.) Accordingly, the ALJ found that Plaintiff is not disabled and not entitled to benefits. (Tr. 21-22.)

### IV. DISCUSSION

Plaintiff focuses her complaints for judicial review on the ALJ's handling of her depression and anxiety. She complains, in essence, that the ALJ's determination at step two that these

impairments are not severe is not supported by substantial evidence and that the ALJ committed legal error in analyzing them at step two. (*See* Pl.'s Op. Br. 5-10, ECF No. 19.) As a result, according to Plaintiff, the ALJ committed a legal error at step four in formulating Plaintiff's RFC because he did not include mental limitations expressly accounting for her depression and anxiety symptoms. (*See id.* at 3-5.)

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "Substantial evidence . . is 'more than a mere scintilla[]' . . . and means only . . . 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson*, 864 F.2d at 343-44 (quotation omitted). In reviewing a decision for substantial evidence, the agency's fact findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quotation and citation omitted); *accord Hollinger v. Kijakazi*, 857 F. App'x 213, 214 (5th Cir. 2021) (per curiam).

At step two, the ALJ is tasked with determining whether the claimant has an impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520, 416.920. A "severe" impairment is defined as "any impairment or combination of impairments which significantly limits [the] physical or mental ability to do basic work activities. . . ." *Id.* §§ 404.1520(c), 416.920(c). The Fifth Circuit Court of Appeals has explained this to mean that an impairment is not severe "'only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age,

education, or work experience.'" *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (alteration omitted) (explaining and quoting *Estran v. Heckler*, 745 F.2d 340 (5th Cir. 1984)). "Re-stated, an impairment is severe if it is anything more than a slight abnormality that would not be expected to interfere with a claimant's ability to work." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quotation omitted). "This second step requires the claimant to make a *de minimis* showing." *Id.* (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)). "Because the severity regulation define[s] 'severe impairment' to include far fewer conditions than the [Social Security Act] indicated, [the Fifth Circuit has] admonished the [Commissioner] not to use the severity regulation to systematically deny benefits to statutorily eligible claimants" through "a literal application of the regulation . . . ." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2001). Accordingly, to ensure to a reviewer that the adjudicator has applied the correct legal standard, it is a requirement that an express reference to the correct standard be employed in the decision:

> [The courts] will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction [*Stone*] give[s] to 20 C.F.R. § 404.1520(c) (1984) is used.

*Stone*, 752 F.2d at 1106. "ALJs are bound not just to use this standard but also to cite it (or to an equivalent authority) in their written decisions[.]" *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021).

Furthermore, when evaluating the severity of mental impairments, the Social Security Agency's regulations require an ALJ to document and employ the psychiatric review technique, also called the "special technique." 20 C.F.R. §§ 404.1520a(a), (e), 416.920a(a), (e). "Under the special technique, [the ALJ] must first evaluate [the] pertinent symptoms, signs, and laboratory findings" to determine whether there is a medically determinable mental impairment. *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1). The degree of functional limitation resulting from any mental

5

impairment must then be rated as "[n]one, mild, moderate, marked, [or] extreme" in four "broad functional areas" set forth as: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id.* §§ 404.1520a(c)(3)-(4), 416.920a(c)(3)-(4). After the degree of functional limitation resulting from the impairment is rated, the severity of the impairment is determined: "[i]f we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities . . . ." *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1).

In assessing the severity of Plaintiff's depression and anxiety, the ALJ determined that these impairments do not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and cited a *Stone*-equivalent authority for the governing standard. (Tr. 15); *see Keel*, 986 F.3d at 556 (resolving split among district courts in the Fifth Circuit by holding explicitly that SSR 85-28 comports with *Stone*: "[t]hough the precise wording differs, *Stone* and SSR 85-28 are not substantially different enough to warrant a finding of error."). The ALJ proceeded to employ the psychiatric review technique to evaluate the four functional areas for mental disorders for Plaintiff's depression and anxiety and found Plaintiff to have no more than "mild" limitations in each of the areas, which he documented in the decision. (Tr. 16-17.) Accordingly, the ALJ concluded that Plaintiff's anxiety and depression were not severe. (Tr. 17.) This discussion demonstrates that the ALJ considered the severity of Plaintiff's depression and anxiety under the correct legal standards.

The ALJ's conclusion at step two that Plaintiff's depression and anxiety are not severe is supported by substantial evidence. In determining whether there is substantial evidence of disability, four elements of proof are weighed: (1) objective medical facts; (2) diagnoses and

opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (per curiam). The ALJ observed in the decision that Plaintiff was screened for depression and anxiety on numerous occasions from her alleged onset date in February of 2016 through the end of 2017 but did not report experiencing any symptoms of depression or anxiety and she neither sought nor received treatment for these conditions. (Tr. 17, 346, 350-51, 378, 468, 484, 560, 674, 679.) At a January 2018 visit with her regular treating general practitioner, Dr. Palani Mani, Plaintiff complained of difficulty with concentration and her Personal Health Questionnaire-9 screening form indicated mild depression. (Tr. 532.) Thereafter and until late December 2018, Plaintiff did not report experiencing any symptoms of depression or anxiety. (Tr. 512-13, 568, 760, 784-86, 945-46, 948.) At a December 18, 2018, visit with Dr. Mani, Plaintiff complained of episodes of forgetfulness, but was not prescribed any medication or other treatment for depression or anxiety. (Tr. 930.) Yet, at her February 21, 2019, psychological consultative examination with Dr. David Edwards, Plaintiff reported experiencing psychiatric difficulties for several years for which she was prescribed medication and explained that she had been experiencing symptoms of depression and anxiety for more than six months prior to the date of the exam. (Tr. 743, 745.) At her June 3, 2019, psychological consultative examination with Dr. Amy Wooten, Plaintiff reported experiencing problems with anxiety for more than a year with daily panic attacks, and was visibly upset during the exam, which Dr. Wooten opined likely interfered with her ability to complete certain tasks. (Tr. 737-39.) In assessing the extent of the limiting effects of Plaintiff's anxiety and depression, the ALJ discounted some of the conclusions of Dr. Edwards and Dr. Wooten, citing inconsistencies between them and the observations of Plaintiff's treating providers at her regular medical appointments and the complaints she made to

them concerning her symptoms of depression and anxiety. For this reason, the ALJ explained that he rated Plaintiff's limitations in each of the four functional areas as mild because the consultative examinations and other medical evidence did show some limitations, but did not support the extent of limitation suggested by the consultative examiners. (Tr. 17.)

For example, the ALJ explained that he assessed mild limitations on Plaintiff's ability to understand, remember, or apply information because Dr. Wooten's consultative examinations revealed Plaintiff's remote and immediate memory to be intact, but there was also evidence showing that Plaintiff experienced some trouble with this capability. (Tr. 17, 740, 747, 930.) Likewise, the ALJ rated the limitations on Plaintiff's ability to interact with others as mild and the evidence supports that conclusion as there were some limitations on this capability while other evidence suggested it was intact. (Tr. 17, 740, 747.) The ALJ proceeded with this comparison of the findings of the consultative examinations against the documentation in Plaintiff's treatment notes in characterizing Plaintiff's functional limitations as mild in the areas of concentrating, persisting, or maintaining pace, and adapting and managing oneself. (Tr. 17, 740, 747, 780, 915, 991, 995.)

Plaintiff accuses the ALJ of focusing only on evidence that supports the conclusion that her depression and anxiety were not severe, but "[t]here is a line between cherry-picking and resolving conflicting evidence," *Hollinger*, 857 F. App'x at 214, and the Court cannot conclude that the ALJ overstepped that line in assessing the severity of Plaintiff's mental impairments. Evidentiary conflicts are for the ALJ to decide, *see Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), and a reviewing court cannot "re-weigh the evidence, try the questions *de novo*, or substitute [its] judgment for the Commissioner's, even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). If, as here,

the ALJ applied the correct legal standards and substantial evidence supports the decision, it must be affirmed. *Britton v. Saul*, 827 F. App'x 426, 429 (5th Cir. 2020) (per curiam) (citing *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)).

Turning to Plaintiff's claim of legal error at step four, an ALJ's determination of whether an individual is disabled must be based on "the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B). Thus, when determining a claimant's RFC, the ALJ is required to "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe. . . ." 20 C.F.R. §§ 404.1545(e), 416.945(e). This is because symptoms from other impairments "may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" *Id.* In evaluating symptoms, an ALJ must consider all of the evidence, including medical history, medical signs and laboratory findings, and the claimant's statements about their symptoms' effects, objective medical evidence, and other evidence like the claimant's daily activities, the duration, frequency, and intensity of symptoms, precipitating and aggravating factors, type dosage, effectiveness and side effects of any medications taken to alleviate symptoms, treatment received to relieve symptoms, any measures used to relive symptoms, and other factors. *Id.* §§ 404.1529, 416.929.

As with the step two severity finding, the ALJ's discussion demonstrates that he applied the correct legal standards in evaluating Plaintiff's symptoms in connection with assessing her RFC. First, his decision identified the correct legal standard in its acknowledgment of the obligation to consider all of Plaintiff's impairments, including those that he did not conclude are severe. (Tr. 15.) The ALJ's discussion of Plaintiff's RFC formulation includes analysis of the

opinions bearing on Plaintiff's mental functional capacity separate and distinct from the step two severity evaluation of Plaintiff's depression and anxiety using the psychiatric review technique. (Tr. 20.) The ALJ explained in the discussion his reasons for attributing the weight to those opinions that he gave them, primarily citing the fact that the conclusions and limitations identified in the opinions were inconsistent with the records of Plaintiff's regular treating physicians generated during the time these opinions were given. (Tr. 20.) Therefore, the ALJ committed no legal error in his analysis of Plaintiff's impairments and their symptoms at step four or in formulating an RFC that accounted for the symptoms of Plaintiff's impairments.

None of the points of error raised in the Plaintiff's brief show a reversible legal error or that the ALJ's decision was not based on substantial evidence. Accordingly, the decision of the Commissioner denying the Plaintiff's claim for disability benefits must be affirmed.

## V.  CONCLUSION

For the aforementioned reasons, the Commissioner's decision denying the Plaintiff's applications for benefits is **AFFIRMED.** A clerk's judgment shall immediately issue.

**SIGNED** this 31stday of March, 2022.

 

_____
**VICTOR ROBERTO GARCÍA**
**UNITED STATES MAGISTRATE JUDGE**